TUCKER; R.
It is' with gréat regret that I feel'myself compelled to pronounce the opinion "'thát this judgment must, be affiiinéd. The procéss by Which I arrive at this conclusion, is simple, and avoids much of the argument,'arid some of the points made in the course of the discussion.
I proceed,' first', upon the well established principle, that, except in a few cases, the rule is general, that he who ' sues, upon a joint Contract, cannot recover a separate judgment against one of the' defendants. So firmly is this principle fixed, that even where one of two' joint defendants' confesses the action, no judgment can be 'entered against him till the issue made up by his codefendant is tried, and it i's wholly set aside if the issue be found for the code-fendant.. Jenkins v. Hurt’s com’rs, 2 Rand. 446; Taylor v. Beck, 3 Rand. 316. The recent statute of 1839 makes no other change in this principle, than to provide that, in 'a' joint' action, if the process'be executed a.s ' to some and' not ks to all, the plaintiff máy proceéd to judgment against those who have been arrested, and discon-' tinue ás to the others, or proceed against them Successively. '
The question then presents itself, whether a joint judgment can be' entered ' in this case, against al,l the defendants? And Í think it cannot; for’if the contract be not joint, a joint judgment cannot be rendered; and admitting that thé bond' was not avoided by ' Hoofman’s execution of it (which .seems very clear, since his name and seal.are only added, and the writing itself is wholly unaltered) and- admitting also, that Hoofman is tíoünd by his Signing and sealing (which seems also clear) yet to my mind it seems not less clear, that, as between Hoofman and the three other obligors the contract is not joint. All indeed are bound; but Hoofman is only severally' *bound, while the obligation as to the three others is joint as between themselvés, and several as it relates to Hoófman. I speak not of the ' contract as it appears upon its face, but of the contract 'or transaction as disclosed by the pleadings and the evidence. There can be no doubt, indeed, that the action upon the contract as it stands, was properly a joint action, and I do not perceive how any' other action could have been brought on it, for it contains no words of severalty. Nor could the defendant Hoofman have pleaded the special matter, so as to shew that the contract was not joint: he is estopped by his seal to deny it. The others might doubtless, have so pleaded, though they have- not done' so: But the plaintiff has been driven by the exigencies of his case to allege the matter himself. To avoid the effect of Edwards’s plea, he sets forth, in his replication, the fact that Hoofman was no original party to the bond, but that he executed it'some time after the day of payment was past. Could he then have been jointly bound with the others? I apprehend not. A joint obligation implies unity of time, of act, and extent of obligátiOn. Not, indeed, that all must sign and seal at the same time'; but the obligation on all must take effect at the same time to' make it joint. The execution by others afterwards may make it good as to them, arid not avoid it'as to the other's; but it doe's not therefore make it joint as to ' them all. When, therefore, a bond has been executed by three arid perfected by delivery', though the sealing and delivery by another afterwards, will bind him and not avoid the bond as to the others, yet the obligation is not joint but several, though he may by his deed be estopped to deny it. This will be more clear, when we consider, that if they are not jointly bound with him, he cannot be jointly bound with them. Now, they ‘are clearly' not jointly' bound with him. ■ Eor when they signed and sealed, he was not known in the transaction. They did not jointly with him oblige themselves *to pay. Treadway and Edwards bound themselves jointly with Cook to pay. If Cook failed, Treadway would have Edwards to bear one half the debt.' If Hoofman is to be intruded into tlje transaction without Treadway’s consent, he may be obliged to look to him for his 'contribution, before he 'can resort to Edwards for more than' a third. By what right could Baber, Cook, Edwards and Hoofman change Treadway’s rights and responsibilities under this contract? They had no right to judge for him, that the arrangement would be for his benefit. Every contracting party has the exclusive right of judging quoad hoc for ' himself. I hold, then, that the first three named obligors in this bond, are not jointly bound with the fourth, upon the transaction as it really occurred, the bond not having the unity of time and act essential to making it joint. Nor had it the same extent of obligation. *733 When Hoofman signed and sealed, the debt was already due and payable by Cook, Edwards and Treadway. Did the bond bind him to pay at a day which was past? The plaintiff’s own replication shews, that he executed the bond after the date of it. It is then to be construed according to the true time of execution. Whether that would •give him twelve months after that time for payment, may perhaps be questionable, If not, then he was bound either to pay presently, or at a time past. The .latter is impossible; and the former is a different obligation from that of the others. It cannot therefore be a joint contract.
It is true, as already said, the effect of the estoppel might perhaps have prevented Hoofman from alleging the fact that the date of the bond was not the true date. But be this as it may, the plaintiff himself has alleged the true date. And this brings me to, observe, that upon the. pleadings in this case the plaintiff never could have had judgment. Had the jury found the issues in his favour, the judgment must have been arrested. For, in the first place, there is a fatal departure in pleading: *the declaration alleges a joint contract ; the replication, shews a separate one; the declaration alleges that the defendants on the 17th December 1832, sealed and delivered; the replication admits that Hoofman sealed and delivered sometime in March 1834; the declaration sets up one contract, the replication another; the declaration sets forth a contract to which Treadway was a. party, the replication one to which he was not privy. In the second place, the various matters in the replication shew, that the contract was not joint, and so there could not be a joint judgment. In the third place, the declaration alleges a breach by Hoofman in not paying in 1833, when according to the replication, he was at that time no party to the bond, and not bound to pay the debt. With all these fatal objections, a verdict for the plaintiff would have done him no good. Judgment must have been arrested, and entered for the defendant.
I think the judgment should be affirmed.
BROOKE, J.
I do not think it necessary to give any opinion as to the irregularity of the pleadings. That would be proper if there had been a demurrer; but the general verdict for the defendants cures all the errors in the pleadings, according to the uniform decisions of this court on the statute of jeofails. I think the only question before us is that which arises on the bill of exceptions to the opinion of the court refusing a new trial; and upon the facts therein as stated, I cannot doubt the correctness of that opinion. On this ground, I think the judgment ought to be affirmed.
CABELE, J., concurred in the opinion delivered by the president.
STANARD, J.
I am of opinion, that upon the case made either by the pleadings or by the evidence, this action, to sustain which it is necessary to shew a joint Responsibility of Cook, Treadway, Edwards and Hoofman, cannot be sustained; because the existence of such joint responsibility is negatived as well by the pleadings as by the evidence. If this be so, judgment must eventually have been rendered for the defendants, whatever had been the fate of the trial, of the issues before the, jury. In this aspect of the case, whatever might be the opinion of the court as to the conformity of the verdict of the jury upon the issues with the evidence, it would be supererogatory, to have a new trial of the issues so far as the fate of this action is concerned. But looking to the plaintiff’s ulterior remedies, either against the original obligors, or against Hoofman, my apprehension has been (though without coming to any.definite opinion as to what those remedies, if any, are, or may be) that judgment in this case, after the verdict on the issues, and the refusal of the court to set aside that verdict, might be a bar to any such remedy; and if such be the necessary consequence, thinking as I do •that the finding of the jury for the. defendants on the issues of fact, is not warranted by .the evidence, I should.be of opinion to set aside the verdict. But two of my brethren think, that a judgment of this court that this action, . being bn a joint responsibility, is for that cause not sustainable, and that our affirmance of the judgment on that ground will oppose no bar to the remedies, if any, which the plaintiff may have against the original obligors on their original obligation, or against, Hoofman, I acquiesce in that opinion, and concur in affirming the judgment.
Judgment affirmed.